IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND T. MYERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | 3:04-CV-1951-K |
| DALLAS INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Dallas Independent School District's Motion for Summary Judgment, filed October 21, 2005. After review and consideration of the motion, response, reply, summary judgment evidence, pleadings on file in this case, and the applicable law, the court **grants** the motion.

I.   **Factual and Procedural Background**

Plaintiff Raymond T. Myers, Sr. ("Myers") applied for various teaching, counseling and administrative positions with the Dallas Independent School District ("DISD") in 2001 and again in 2003. According to Myers, he was interviewed for various positions with the DISD approximately seven or eight times.

DISD representative Ronald Ross ("Ross") interviewed Myers for a teaching position in July 2003. Ross testified that during that interview, Myers referred to lower-income students as "students from the ghetto." DISD viewed these comments as a "gross

1

mischaracterization" of a segment of the population served by DISD, and was not indicative of the type of individuals DISD seeks to employ. Ross further states that Myers had difficulty staying on topic during the interview, and received a score of 18 out of a possible 30 points on the interview, which was a below average score. Candidates for employment with the DISD who receive low interview scores are less likely to be hired.

Although he was interviewed by DISD only seven or eight times, Myers faxed applications and resumes to over 50 DISD schools. Some of these applications misspelled the names of the schools and some of them were for schools that do not exist. In his deposition, Myers agreed that it was not unreasonable for an employer to think less of a candidate who did not accurately identify a school. Also, in at least one of his applications, Myers focused on his prior work with students in a primarily Hispanic community. DISD felt that in a job application, it was inappropriate for Myers to have differentiated between students due to race. Myers was not hired for any position with DISD.

Myers filed a Charge of Discrimination with the Equal Employment Opportunity Commission, stating that he was 77 years old and that DISD had discriminated against him by not hiring him. After he obtained a right to sue letter from the EEOC, Myers filed this lawsuit against DISD on September 7, 2004, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* DISD now moves for summary judgment on Myers' age discrimination claim.

## II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25, 106 S.Ct. at 2551-54. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25, 106 S.Ct. at 2551-54; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57, 106 S.Ct. 2505, 2513-14 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993 (1962).

## III. DISD's Motion for Summary Judgment

DISD contends that there is no genuine issue of material fact whether its failure to hire Myers was because of his age, and therefore asks the court to enter judgment against Myers as a matter of law.

### A. Applicable Law

Under the ADEA, it is illegal for an employer to fail or refuse to hire an individual or otherwise discriminate against an individual with respect to the terms and conditions of his employment due to his age. 29 U.S.C. § 623(a)(1). To prevail on an ADEA claim, a plaintiff must demonstrate a *prima facie* case of discrimination, and the defendant must then articulate a legitimate, non-discriminatory reason for its decision. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 352 (5th Cir. 2005), *citing Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

If the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either 1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or 2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive alternative). *Id.* If the plaintiff demonstrates under the second alternative that age was a motivating factor in the employment decision, it then falls to the defendant to prove that the same adverse employment decision would have been made regardless of discriminatory animus. *Id.* If the employer fails to carry this burden, plaintiff will prevail. *Id.*

### B. Myers' *Prima Facie* Case

Myers must first establish a *prima facie* case of age discrimination by showing that 1) he is a member of the protected class under the ADEA; 2) he applied for a position with DISD for which he met the qualifications; 3) despite his qualifications, he was not hired

4

for the position, and DISD continued to seek applicants from among persons of Myers' qualifications; and 4) DISD instead i) filled the position with someone outside the protected class or who is younger than Myers, or ii) otherwise declined to hire Myers because of his age. *Machinchick,* 398 F.3d at 350, *citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Rachid,* 376 F.3d at 309.

It is undisputed that at age 77, Myers is a member of the protected class under the ADEA. DISD first argues that Myers' age discrimination claim fails at the *prima facie* stage because he was not qualified for the positions he sought. In support of this argument, DISD has presented evidence showing that it considered Myers unqualified because he interviewed poorly, having trouble staying focused and referring to lower-income students as being "from the ghetto." DISD also has presented facts indicating problems with Myers' written correspondence in connection with his efforts to gain employment there. Specifically, DISD points to evidence showing that he sent resumes seeking employment at nonexistent schools, and misspelling the names of some schools to which he applied. DISD further shows that in one application, Myers made reference to Hispanic students specifically, which DISD viewed as differentiating between students due to race. For these reasons, DISD asserts that Myers was unqualified for the positions he sought.

Myers does not deny making the "from the ghetto" remark or the problems with his written correspondence to DISD. He also admits that a candidate presenting materials with spelling and other errors is likely to be viewed less favorably by an employer. Although he indirectly denies DISD's evidence that he interviewed poorly, stating that it

5

is "inconceivable to me that I would go to an interview which I valued so highly and proceed to destroy my chances of being hired by such rash behavior," his denial is merely contained in his summary judgment response. (Plaintiff's Response at p. 1). Such unsubstantiated and conclusory allegations do not constitute competent summary judgment proof. *Greenberg v. Crossroads Systems, Inc.,* 364 F.3d 657, 670 (5th Cir. 2004); *see also Hugh Symons Group, PLC v. Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir. 2002) (conclusory statements are not sufficient to successfully oppose a motion for summary judgment). Moreover, Myers has presented no summary judgment evidence whatsoever disputing DISD's reasons that it considered him unqualified for employment. Therefore, this element of Myers' *prima facie* case fails.

Myers has also failed to raise a genuine issue of material fact regarding the third element of his *prima facie* case – that he was not hired for the positions he sought, and that DISD continued to seek others with his qualifications. Although it is undisputed that DISD did not hire him, DISD has presented competent summary judgment evidence to show that it did not consider Myers qualified for the position. Myers has not successfully controverted that evidence. DISD has also shown that because it considered Myers unqualified, it did not continue to seek other individuals with his qualifications, and Myers has not presented any summary judgment proof suggesting otherwise. Rather, DISD shows that it continued to seek candidates it considered qualified for the positions, rather than unqualified candidates like Myers. Myers has presented no evidence raising a material issue of fact regarding this element of his *prima facie* case.

Finally, to satisfy the fourth element of his *prima facie* case, Myers must set forth evidence raising a material issue of fact whether DISD hired someone outside the protected class (or someone younger than he) or otherwise discriminated against him because of his age. Myers has not carried his burden of presenting such evidence. Myers has presented no evidence whatsoever regarding who was actually hired for the positions he sought; thus, he has not raised a genuine fact issue whether DISD hired someone outside the protected class, or someone younger than he. Therefore, to satisfy this element of his *prima facie* case, Myers must set forth *prima facie* proof that DISD otherwise discriminated against him due to his age.

Myers has attempted to substantiate his allegations of discrimination by stating in his summary judgment response that he believes "that younger people…were hired instead of me and I believe that I was much more qualified than they." (Plaintiff's Response at p. 3). He offers no competent summary judgment proof to substantiate this allegation. *See Greenberg,* 364 F.3d at 670 (unsubstantiated and conclusory assertions are not competent summary judgment proof); *Hugh Symons Group,* 292 F.3d at 470 (conclusory statements are not sufficient to successfully oppose a motion for summary judgment)

Moreover, this assertion by Myers merely reflects his subjective belief that DISD did not hire him due to his age. An applicant's subjective belief that discrimination motivated the employer's decision not to hire him, without more, is insufficient for him to survive summary judgment. *Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 427 (5th Cir. 2000); *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir.

7

1996); *see also Ray v. Tandem Computers, Inc.,* 63 F.3d 429, 434 (5th Cir. 1995) ("bald assertions of age discrimination are inadequate to permit a finding that proscribed discrimination motivated [defendant's] actions against [plaintiff]). Because Myers has not set forth any competent summary judgment proof that would raise a genuine issue of material fact regarding his allegations of age discrimination, he has also failed to establish the final element of his *prima facie* case.

### C. "Assuming" a *Prima Facie* Case, DISD's Legitimate, Non-Discriminatory Reasons

The next step in the *McDonnell Douglas* framework shifts the burden of production to DISD, requiring it to state its legitimate, non-discriminatory reasons for its decision not to employ Myers. *Machinchick,* 398 F.3d at 350, *citing West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 384 (5th Cir. 2003). Even if the court assumes that Myers has sufficiently established a *prima facie* case of discrimination (which he has not), the court finds that DISD has sufficiently articulated legitimate, non-discriminatory reasons for its decision not to hire Myers, and has set forth appropriate summary judgment proof of those reasons.

Specifically, DISD shows that it did not hire Myers because he was unfocused and unable to stay on topic during an interview, referred to lower-income students as being "from the ghetto," received a below-average score of 18 out of 30 points from one interviewer, differentiated between students based upon their race in correspondence sent to DISD, and sent DISD resumes and applications misspelling the names of schools to which he was applying and applying to non-existent schools. Further, Myers testified that

an interviewer could justifiably decide not to recommend a candidate for hire if that candidate consistently referred to lower-income students as students "from the ghetto." Accordingly, the court finds that DISD has carried its burden of articulating a legitimate, non-discriminatory reason for its actions.

### D. Proof of Pretext or Motivating Factor

Because DISD has set forth sufficient summary judgment evidence to support its legitimate, non-discriminatory reasons for its decision not to hire Myers, he then must present competent summary judgment proof raising a material fact issue whether DISD's asserted reasons are either untrue, and a pretext for age discrimination, or that DISD's reasons, while true, are not the only reasons for its decision and that his age was another motivating factor. *Machinchick,* 398 F.3d at 352; *Rachid,* 376 F.3d at 312. As the court has stated above, Myers has presented nothing more than his conclusory allegation and subjective belief that DISD's decision was the product of age-related animus.

Without presenting any competent summary judgment evidence whatsoever, Myers merely states in a conclusory fashion that he believes younger, less qualified people were hired instead of him. Myers cannot survive summary judgment based on this unsupported allegation. *Byers,* 209 F.3d at 427 (plaintiff's subjective belief of discrimination insufficient to avoid summary judgment); *Douglass v. United Services Automobile Association,* 79 F.3d at 1430 (same); *Greenberg,* 364 F.3d at 670 (unsubstantiated and conclusory assertions are not competent summary judgment proof); *Hugh Symons Group,* 292 F.3d at 470 (same).

9

Further, DISD has shown that in his deposition Myers could not identify any DISD interviewer who discriminated against him, and only vaguely referred to one interviewer's purported comment that an older counselor at another school "wasn't working out." Myers cannot identify this individual, and this testimony is too vague to raise a genuine issue of material fact on summary judgment. *See Pineda v. City of Houston,* 291 F.3d 325, 331 (5th Cir. 2002), *cert. denied,* 537 U.S. 1110 (2003) (vague attributions to unidentified individuals not sufficient to create a fact issue).

Myers further stated at his deposition that a statement in a September 2002 letter he received from then-Superintendent Dr. Mike Moses ("Moses") indicates age discrimination: "[s]electing a limited number of candidates to interview can be a difficult process when so many qualified professionals have applied." On its face, Moses's statement does not show age discrimination, and on summary judgment Myers has presented no evidence to support his assertion that age discrimination can be inferred from anything in Moses's letter. Thus, this statement by Moses does not raise a material fact issue that would preclude summary judgment.

Finally, Myers referenced in his deposition a printout provided by DISD in discovery showing the individuals it hired as counselors or special education instructors in 2002 and 2003. On summary judgment, Myers has offered no explanation of how this printout raises a genuine issue of material fact concerning DISD's alleged age discrimination against him. The court is not required to scour the record in search of a fact issue that will permit Myers to avoid summary judgment. *Malacara v. Garber,* 353

F.3d 393, 405 (5th Cir. 2003); *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). Myers has not carried his summary judgment burden of showing how this printout creates a genuine issue of material fact whether DISD's decision to hire these individuals instead of him was due to his age. Accordingly, Myers has failed to raise a genuine issue of material fact whether DISD's reasons were pretextual, or that age was a motivating factor in its decision. Therefore, the court must enter summary judgment for DISD.

### IV. Conclusion

For the foregoing reasons, Defendant Dallas Independent School District's Motion for Summary Judgment is **granted**, and Plaintiff Myers' claims against the Dallas Independent School District are **dismissed with prejudice.** Judgment will be entered by separate document.

**SO ORDERED.**

Signed January __3rd__, 2006.

                                             _s/Ed Kinkeade_  
                                             ED KINKEADE  
                                             UNITED STATES DISTRICT JUDGE